1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

DERDLIM C.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

NO. 1:21-CV-3074-TOR

ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT AND GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

13
14
15
16
17
18

        BEFORE THE COURT are the parties' cross-motions for summary

judgment (ECF Nos. 14, 19).  These matters were submitted for consideration

without oral argument.  The Court has reviewed the administrative record and the

parties' completed briefing and is fully informed.  For the reasons discussed below,

Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED,** and

Defendant's Motion for Summary Judgment (EFC No. 19) is **GRANTED**.

19

**JURISDICTION**

20

        The Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 1

1

## STANDARD OF REVIEW

2    A district court's review of a final decision of the Commissioner of Social

3    Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

4    limited: the Commissioner's decision will be disturbed "only if it is not supported

5    by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153,

6    1158–59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence"

7    means relevant evidence that "a reasonable mind might accept as adequate to

8    support a conclusion."  *Id.* at 1159 (quotation and citation omitted).  Stated

9    differently, substantial evidence equates to "more than a mere scintilla[,] but less

10   than a preponderance."  *Id.* (quotation and citation omitted).  In determining

11   whether this standard has been satisfied, a reviewing court must consider the entire

12   record as a whole rather than searching for supporting evidence in isolation.  *Id.*

13   In reviewing a denial of benefits, a district court may not substitute its

14   judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152,

15   1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

16   rational interpretation, [the court] must uphold the ALJ's findings if they are

17   supported by inferences reasonably drawn from the record."  *Molina v. Astrue*, 674

18   F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an

19   ALJ's decision on account of an error that is harmless."  *Id.*  An "error is harmless

20   where it is 'inconsequential to the ultimate nondisability determination.'"  *Id.* at

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 2

1    1115 (citation omitted).  The party appealing the ALJ's decision generally bears

2    the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396,

3    409–10 (2009).

4                    **FIVE STEP SEQUENTIAL EVALUATION PROCESS**

5            A claimant must satisfy two conditions to be considered "disabled" within

6    the meaning of the Social Security Act.  First, the claimant must be unable "to

7    engage in any substantial gainful activity by reason of any medically determinable

8    physical or mental impairment which can be expected to result in death or which

9    has lasted or can be expected to last for a continuous period of not less than 12

10   months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's

11   impairment must be "of such severity that [he or she] is not only unable to do [his

12   or her] previous work[,] but cannot, considering [his or her] age, education, and

13   work experience, engage in any other kind of substantial gainful work which exists

14   in the national economy."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

15           The Commissioner has established a five-step sequential analysis to

16   determine whether a claimant satisfies the above criteria.  *See* 20 §§

17   404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).  At step one, the Commissioner

18   considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i),

19   416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

20

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 3

1 Commissioner must find that the claimant is not disabled. 20 C.F.R. §§

2 404.1520(b), 416.920(b).

3       If the claimant is not engaged in substantial gainful activities, the analysis

4 proceeds to step two. At this step, the Commissioner considers the severity of the

5 claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the

6 claimant suffers from "any impairment or combination of impairments which

7 significantly limits [his or her] physical or mental ability to do basic work

8 activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c),

9 416.920(c). If the claimant's impairment does not satisfy this severity threshold,

10 however, the Commissioner must find that the claimant is not disabled. *Id.*

11       At step three, the Commissioner compares the claimant's impairment to

12 several impairments recognized by the Commissioner to be so severe as to

13 preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§

14 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more

15 severe than one of the enumerated impairments, the Commissioner must find the

16 claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

17       If the severity of the claimant's impairment does meet or exceed the severity

18 of the enumerated impairments, the Commissioner must pause to assess the

19 claimant's "residual functional capacity." Residual functional capacity ("RFC"),

20 defined generally as the claimant's ability to perform physical and mental work

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 4

activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

### ALJ'S FINDINGS

On January 12, 2018, Plaintiff filed an application for Title II disability insurance benefits and Title XVI supplemental security income benefits, alleging an onset date of June 1, 2017.  Tr. 15.  The application was initially denied and denied again on reconsideration.  *Id*.  Plaintiff appeared at a hearing before an administrative law judge ("ALJ") on January 23, 2020.  *Id*.  The ALJ denied Plaintiff's claim on September 30, 2020.  Tr. 27.

As a threshold matter, the ALJ found Plaintiff would meet the insured status requirements of the Social Security Act through December 31, 2022.  Tr. 18.  At step one of the sequential evaluation, the ALJ found Plaintiff had not engaged in substantial gainful activity after June 1, 2017, the alleged onset date.  *Id*.  At step two, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease, status post lumbar fusion, and obesity.  *Id*.  At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

meets or medically equals the severity of a listed impairment.  Tr. 20.  The ALJ

then found Plaintiff had a residual functional capacity to perform light work with

the fowling limitations:

> The claimant can lift or carry up to 20 pounds occasionally and up to 10 pounds frequently, stand or walk for approximately two hours and sit for approximately 6 hours per 8 hour work day with normal breaks. Occasionally climb ramps or stairs; never climb ladders, ropes or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl. Avoid concentrated exposure to extreme cold; excessive vibration; workplace hazards such as working with dangerous machinery and working at unprotected heights.  Stand and stretch once between breaks and also at breaks, and will need to be at a workplace that has a restroom available.

*Id*.

At step four, the ALJ found Plaintiff was not capable of performing past

relevant work as a cleaner/housekeeper.  Tr. 25.  However, based on the vocational

expert's hearing testimony, the ALJ also considered alternative jobs and concluded

that, based on Plaintiff's age, education, work experience, and residual functional

capacity, there were other jobs that existed in the significant numbers in the

national economy that Plaintiff could perform, such as an assembler, telephone

information clerk, and a document preparer.  Tr. 26.  The ALJ concluded Plaintiff

was not under a disability, as defined in the Social Security Act, from June 1, 2017,

the alleged onset date, through September 30, 2020, the date of the ALJ's decision.

Tr. 27.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 7

**ISSUES**

1.  Whether the ALJ properly assessed Plaintiff's limitations under Listing 1.04A;

2.  Whether the ALJ properly considered Plaintiff's subjective symptom testimony; and

3.  Whether the ALJ properly considered the medical opinion evidence?

**DISCUSSION**

**A.  Listing 1.04A**

Plaintiff argues the ALJ erred by failing to properly consider Plaintiff's impairments under Listing 1.04A.  ECF No. 14 at 5.  At step three, the ALJ first determines whether a claimant's impairment meets or equals an impairment in the Listing of Impairments (the "Listings").  *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  The Listings describe specific impairments that are recognized as severe enough to prevent a person from engaging in substantially gainful activities.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1.  Each impairment is described using characteristics established through "symptoms, signs and laboratory findings."  *Tackett*, 180 F.3d at 1099.

To meet an impairment, a claimant must establish she meets each of the characteristics of the listed impairment.  *Id.*  To equal an impairment, a claimant must establish symptoms, signs, and laboratory findings "at least equal in severity and duration" to the characteristics of the listed impairment, or, if a claimant's

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 8

1    impairment is not listed, to the impairment "most like" the claimant's own.  *Id*.  If

2    a claimant meets or equals one of the listed impairments, the claimant will be

3    considered disabled without further inquiry.  *See* 20 C.F.R. §§ 404.1520(d),

4    416.920(d).  However, "[a]n impairment that manifests only some of those criteria,

5    no matter how severely, does not qualify."  *Sullivan v. Zebley*, 493 U.S. 521, 530

6    (1990).

7        Listing 1.04A requires "[e]vidence of nerve root compression characterized

8    by neuro-anatomic distribution of pain, limitation of motion of the spine, motor

9    loss (atrophy with associated muscle weakness or muscle weakness) accompanied

10   by sensory or reflex loss and, if there is involvement of the lower back, positive

11   straight-leg raising test (sitting and supine)."  20 C.F.R. Pt. 404, Subpt. P, App. 1,

12   § 1.04A.

13       The ALJ concluded Plaintiff's back disorder did not meet the criteria under

14   Listing 1.04 because the record did not contain any evidence of a compromised

15   nerve root or spinal cord with nerve root compression, spinal arachnoiditis, or

16   lumbar spinal stenosis resulting in pseudoclaudication.  Tr. 20.  A review of the

17   medical records reveals some documentation of nerve root compromise.  *See, e.g*.,

18   Tr. 476, 810, 1076.  The ALJ's conclusion regarding root compression was in

19   error.  However, there are other Listing requirements that are not indicated in the

20   record.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 9

1    Specifically, the ALJ found the medical records did not document both

2  sitting and supine straight leg raise testing, as required by Listing 1.04A.  Tr. 20.

3  Plaintiff cites to a single record that indicates both supine and seated straight leg

4  testing.  Tr. 1090.  However, the exam findings indicate positive straight leg testing

5  on the left leg and negative on the right; these findings are contrary to the majority

6  of the records, which indicate positive testing on the right leg but not the left.  *See,*

7  *e.g.*, Tr. 742, 766.  It is unclear whether the finding is a typo.  In any event,

8  Plaintiff's other citations do not differentiate between seated and supine, and are

9  therefore, insufficient to overcome the ALJ's conclusions.  *See, e.g.*, Tr. 487, 510,

10  742.

11    The Court finds the ALJ's conclusion that Plaintiff's medical records do not

12  meet the requirements of Listing 1.04A is supported by substantial evidence.

13  **B.  Plaintiff's Symptom testimony**

14    Plaintiff contends the ALJ improperly discredited her subjective symptom

15  testimony.  ECF No. 14 at 10.

16    An ALJ engages in a two-step analysis to determine whether a claimant's

17  subjective symptom testimony can be reasonably accepted as consistent with the

18  objective medical and other evidence in the claimant's record.  Social Security

19  Ruling ("SSR") 16-3p, 2016 WL 1119029, at *2.  "First, the ALJ must determine

20  whether there is 'objective medical evidence of an underlying impairment which

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 10

1    could reasonably be expected to produce the pain or other symptoms alleged.'"

2    *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting *Vasquez v. Astrue*,

3    572 F.3d 586, 591 (9th Cir. 2009)).  "The claimant is not required to show that her

4    impairment 'could reasonably be expected to cause the severity of the symptom

5    she has alleged; she need only show that it could reasonably have caused some

6    degree of the symptom.'"  *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v.*

7    *Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).

8         Second, "[i]f the claimant meets the first test and there is no evidence of

9    malingering, the ALJ can only reject the claimant's testimony about the severity of

10   the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

11   rejection."  *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations

12   omitted).  General findings are insufficient; rather, the ALJ must identify what

13   symptom claims are being discounted and what evidence undermines these claims.

14   *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v.*

15   *Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently

16   explain why he or she discounted claimant's symptom claims).  "The clear and

17   convincing [evidence] standard is the most demanding required in Social Security

18   cases."  *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v.*

19   *Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

20        The ALJ is instructed to "consider all of the evidence in an individual's

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 11

record," "to determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2. When evaluating the intensity, persistence, and limiting effects of a claimant's symptoms, the following factors should be considered: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. *Id*. at *7–8; 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

Here, the ALJ found Plaintiff's impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the evidence. Tr. 21. In arriving at this conclusion, the ALJ considered two of the factors listed above.

### 1. Daily Activities

The ALJ found Plaintiff's daily activities throughout the relevant period were inconsistent with Plaintiff's alleged degree of impairment. Tr. 22. Daily

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

activities may be grounds for an adverse credibility finding if (1) Plaintiff's activities contradict her other testimony, or (2) Plaintiff "is able to spend a substantial part of [her] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citation omitted).

Plaintiff testified that she experiences pain levels of 10/10 on most days, which the ALJ clarified was the equivalent of a person writhing on the floor in pain, and 7/10 on good days. Tr. 21. Plaintiff also testified that is unable to do any work because of balance issues and difficulty in walking, sitting, bending, and lifting heavy objects. *Id*. She reported feeling tired as a result of pain interfering with her sleep. *Id*. However, Plaintiff also testified that she is very, very busy on a daily basis. Tr. 23. She is the primary caretaker for both children, takes her older daughter to school and picks her up every day, runs errands, tries to exercise, cares for her four-year-old daughter during the day, can do "a lot of lifting," and had begun working towards earning her GED. *Id*. The ALJ concluded that Plaintiff's testimony contradicted the severity of impairment she claimed to experience. Tr. 22.

While the Ninth Circuit has cautioned against reliance on "certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise" to discount a plaintiff's symptom allegations, the ALJ here considered other factors

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

1    and found additional reasons for discrediting Plaintiff's subjective symptom

2    testimony, as discussed below.  *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir.

3    2001).

4                    2.  *Intensity, Duration, Frequency, and Limiting Effects*

5           As to the intensity, duration, frequency, and limiting effects of Plaintiff's

6    symptoms, the ALJ found Plaintiff's allegations of extremely limiting physical

7    conditions were not well supported by the objective evidence.  Tr. 22.  An ALJ

8    may not discredit a claimant's symptom testimony and deny benefits solely

9    because the degree of the symptoms alleged is not supported by objective medical

10   evidence.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v.*

11   *Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601

12   (9th Cir. 1989); *Burch*, 400 F.3d at 680.  However, the objective medical evidence

13   is a relevant factor, along with the medical source's information about the

14   claimant's pain or other symptoms, in determining the severity of a claimant's

15   symptoms and their disabling effects.  *Rollins*, 261 F.3d at 857; 20 C.F.R. §§

16   404.1529(c)(2); 416.929(c)(2).

17          The ALJ cited to several instances in which Plaintiff's alleged degree of

18   impairment conflicted with the objective medical evidence.  For example, the

19   physical exam findings were generally minimal and mild.  Tr. 22.  Plaintiff usually

20   presented with normal constitutional findings and routinely did not appear in acute

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 14

1    distress; only rarely did Plaintiff appear uncomfortable.  *Id.*  The ALJ found that

2    the absence of any distress contradicted Plaintiff's alleged extremely limiting and

3    constant symptoms.  *Id*.  Plaintiff cites to several records that she argues support

4    the severity of her impairments.  However, a review of Plaintiff's citations does not

5    reveal the level of severity Plaintiff alleges.  *See, e.g*., Tr. 859 (mild distress); 458

6    (pain during post-operation recovery); 413, 417, 425 (uncomfortable); 449, 452

7    (not in acute distress); 891 (grimacing and grunting, which made the evaluation

8    difficult).  The ALJ also noted some treatment providers found no weakness in her

9    lower extremities (Tr. 331, 356), and nerve conduction studies revealed no

10   evidence of radiculopathy or peripheral sensory neuropathy (Tr. 338).  When

11   Plaintiff complained of back pain in 2018, her treatment provider limited her to

12   lifting no more than 20 pounds, which the ALJ accounted for in the RFC.  Tr. 22.

13   Finally, later examine findings revealed normal strength.  Tr. 766.

14        The ALJ provided clear and convincing reasons for rejecting Plaintiff's

15   subjective symptom testimony.  Although the ALJ considered only two factors,

16   any error in failing to address the other factors is harmless because Plaintiff's

17   limitations were accounted for in the RFC finding.  *See Cantrall v. Colvin*, 540 F.

18   Appx. 607, 610 (9th Cir. 2013) (finding "two reasons" sufficient to support

19   rejection of subjective symptom testimony under the "specific, clear and

20   convincing" standard).  It is the ALJ's responsibility to resolve conflicts in the

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 15

1    medical evidence.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  Where

2    the ALJ's interpretation of the record is reasonable as it is here, it should not be

3    second-guessed.  *Rollins*, 261 F.3d at 857.  The Court finds the ALJ's conclusions

4    are supported by substantial evidence.

5        **C.    Medical Opinion**

6        Plaintiff argues the ALJ failed to properly consider the medical opinion

7    evidence.  ECF No. 14 at 15.

8        As an initial matter, for claims filed on or after March 27, 2017, new

9    regulations apply that change the framework for how an ALJ must evaluate

10   medical opinion evidence.  20 C.F.R. §§ 404.1520c, 416.920c; *see also Revisions*

11   *to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed.

12   Reg. 5844-01 (Jan. 18, 2017).  The ALJ applied the new regulations because

13   Plaintiff filed her Title II and XVI claims after March 27, 2017.  *See* Tr. 15.

14       Under the new regulations, the ALJ will no longer "give any specific

15   evidentiary weight . . . to any medical opinion(s)."  *Revisions to Rules*, 2017 WL

16   168819, 82 Fed. Reg. 5844-01, 5867–68.  Instead, an ALJ must consider and

17   evaluate the persuasiveness of all medical opinions or prior administrative medical

18   findings from medical sources.  20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b).

19   The factors for evaluating the persuasiveness of medical opinions and prior

20   administrative medical findings include supportability, consistency, relationship

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 16

with the claimant, specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" including but not limited to "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c)(1)–(5), 416.920c(c)(1)–(5).

The ALJ is required to explain how the most important factors, supportability and consistency, were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). These factors are explained as follows:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)–(2), 416.920c(c)(1)–(2).

The ALJ may, but is not required to, explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2). However, where two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17

1    ALJ is required to explain how "the most persuasive factors" were considered.  20

2    C.F.R. §§ 404.1520c(b)(2) 416.920c(b)(2).

3        The parties here acknowledge the new regulations apply.  ECF Nos. 14 at

4    15; 19 at 8.  The Ninth Circuit currently requires the ALJ to provide "clear and

5    convincing" reasons for rejecting the uncontradicted opinion of either a treating or

6    examining physician.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  When a

7    treating or examining physician's opinion is contradicted, the Ninth Circuit has

8    held the medical opinion can only "be rejected for specific and legitimate reasons

9    that are supported by substantial evidence in the record."  *Id.* at 830–31 (internal

10   citation omitted).

11       At this time, the Ninth Circuit has not addressed whether these standards still

12   apply when analyzing medical opinions under the new regulations.  For purposes

13   of the present case, the Court finds that resolution of this issue is unnecessary.  *See*

14   *Allen T. v. Saul*, No. EDCV 19-1066-KS, 2020 WL 3510871, at *3 (C.D. Cal. June

15   29, 2020) (citing *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Services*,

16   545 U.S. 967, 981–82 (2005) ("[T]he Court is mindful that it must defer to the new

17   regulations, even where they conflict with prior judicial precedent, unless the prior

18   judicial construction 'follows from unambiguous terms of the statute and thus

19   leaves no room for agency discretion.'")).

20

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 18

1

### 1. Dr. Jackson, M.D.

Plaintiff challenges the ALJ's assessment of Dr. Jackson's opinion. ECF No. 14 at 15. Plaintiff argues the ALJ failed to sufficiently explain how Dr. Jackson's assessment was inconsistent with Plaintiff's medical records. ECF No. 14 at 15–17.

Dr. Jackson opined, in a check-box form, that Plaintiff was incapable of performing any work or activities related to finding work. Tr. 308–10. The ALJ found Dr. Jackson's opinion unpersuasive because it conflicted with Plaintiff's ability to engage in daily activities. Tr. 23. The ALJ discussed Plaintiff's daily activities at length when evaluating Plaintiff's subjective symptom testimony, finding Plaintiff engaged in numerous routine tasks that conflicted with her alleged degree of pain. *See* Tr. 22–23.

The ALJ also found Dr. Jackson's opinion unpersuasive because it was incomplete, lacking the requested specific information regarding the patient's limitations, and because Dr. Jackson did not provide any specific limitations. Tr. 23. Finally, the ALJ found Dr. Jackson's opinion unsupported. Dr. Jackson's conclusion that Plaintiff could not perform any work was supported only by reference to Plaintiff's diagnosis. *Id*. Moreover, the opinion was not supported by the weight of the medical evidence, which revealed generally minimal physical exam findings and infrequent instances of distress. *Id*. The ALJ's conclusion

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 19

1    regarding Dr. Jackson's medical form opinion is supported by substantial evidence

2    and is consistent with Ninth Circuit law that a medical opinion may be rejected by

3    the ALJ if it is brief, conclusory, or inadequately supported. *Bray v. Comm'r of*

4    *Soc. Sec. Admin*, 554 F.3d 1219, 1228 (9th Cir. 2009).

5            *2.  Vern Commet, ARNP (December 2017)*

6            Plaintiff challenges the ALJ's conclusion regarding ARNP Commet's

7    December 2017 opinion, arguing the ALJ failed to articulate why the opinion was

8    inconsistent.  ECF No. 14 at 18.

9            ARNP Commet filled out an Activity Prescription Form related to Plaintiff's

10   Labor & Industries ("L&I") claim.  Tr. 24, 480.  The form indicated Plaintiff was

11   not released to perform any work and assessed Plaintiff's ability to engage in

12   certain physical activities, such as walking, sitting, climbing stairs and ladders, and

13   lifting weighted objects.  Tr. 480.  The Social Security regulations indicate an ALJ

14   will not provide analysis about opinions on issues reserved to the Commissioner

15   because such opinions are inherently neither persuasive nor valuable.  20 C.F.R. §§

16   404.1520b(c), 416.920b(c).  Accordingly, the ALJ found ARNP Commet's opinion

17   unpersuasive because the form contained evaluations on issues reserved for the

18   Commissioner.  Tr. 24.  An ALJ may "permissibly reject[] . . . check-off reports

19   that [do] not contain any explanation of the bases of their conclusions."  *Crane v.*

20   *Shalala*, 76 F.3d 251, 253 (9th Cir. 1996).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 20

1    Additionally, the ALJ found the form was prepared without significant

2    support, was of a short duration, was completed under the rules and guidance of

3    another state agency and focused on Plaintiff's workplace injury without offering

4    an opinion related to functioning. Tr. 24. An ALJ may reject an opinion that does

5    "not show how [the claimant's] symptoms translate into specific functional deficits

6    which preclude work activity." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d

7    595, 601 (9th Cir. 1999). In any event, the ALJ accounted for Plaintiff's physical

8    limitations in the RFC analysis, which includes similar limitations to those

9    assessed by ARNP Commet. Therefore, the Court finds the ALJ acted within her

10    authority under the regulations to reject ARNP Commet's December 2017 opinion

11    and the ALJ's findings are supported by substantial evidence.

12        *3. Vern Commet, ARNP (April 2019)*

13    Plaintiff challenges the ALJ's conclusion that ARNP Commet's April 2019

14    assessment was "generally persuasive" but was not well supported or consistent

15    with the record as a whole. ECF No. 14 at 20.

16    In April 2019, ARNP Commet opined that Plaintiff was limited to a

17    sedentary job that allowed her to sit/stand and alter positions frequently, and that

18    avoided bending, twisting, and lifting greater than 20 pounds. Tr. 746. The ALJ

19    found the assessment generally persuasive but noted the degree of limitation

20    related to the need to alter positions regularly was not will supported and was

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 21

inconsistent with Plaintiff's minimal physical exam findings.  Tr. 24.  The ALJ

also noted the assessed limitations were inconsistent with the lack of evidence of

Plaintiff's distress during exams.  *Id*.  Finally, the ALJ concluded the April 2019

opinion was inconsistent with ARNP Commet's later assessments, which described

Plaintiff's limitations as needing to avoid bending, twisting, and lifting limited to

35 pounds, without the need to alter sitting/standing positions frequently.  *Id*.  The

ALJ concluded this latter opinion was persuasive and consistent with the record as

a whole.  *Id*.

      The Court finds the ALJ's findings are supported by substantial evidence.

         *4.  Dr. Atteberry, M.D.*

      Plaintiff argues the ALJ failed to provide sufficient reasons for rejecting Dr.

Atteberry's July 2016 opinion.  ECF No. 14 at 20.  Defendant argues this opinion

is not attributable to Dr. Atteberry because the form was actually signed by ARNP

Commet.  ECF No. 19 at 15.  The Court notes Dr. Atteberry's name appears on the

July 2016 form, but the signature is similar to the one on ARNP Commet's

December 2017 form.  *Compare* Tr. 451 *with* Tr. 480.  However, it is unnecessary

to determine which care provider filled out the form because the analysis of the

opinion remains the same.

      The July 2016 opinion is also an Activity Prescription Form related to

Plaintiff's L & I claim.  Tr. 451.  As with ARNP Commet's December 2017 form,

the ALJ found the statements in the July 2016 form related to issues reserved for the Commissioner.  Tr. 24.  Therefore, the ALJ rejected the conclusions as neither persuasive nor valuable, in accordance with the regulations.  *Id.*  The ALJ also found the form lacked significant support, was of short duration, and was filled out pursuant to the rules and regulations of a different agency.  Accordingly, the Court finds the ALJ's conclusions are within the scope of her authority and supported by substantial evidence.

### 5.  *Dr. Wacker, M.D.; Dr. Hopp, M.D.*

Plaintiff argues the ALJ erred in crediting the opinions of Drs. Wacker and Hopp because these opinions used mixed language with regard to exertional levels, which was inconsistent with the regulations.  ECF No. 14 at 21.

The ALJ found these opinions persuasive because they were well supported and consistent with Plaintiff's other medical records.  Tr. 24.  The ALJ acknowledged the opinions were provided as part of Plaintiff's L & I claim but noted the opinions were supported by the doctors' own independent physical examinations of Plaintiff.  *Id.*  Additionally, their findings were consistent with other exam findings in Plaintiff's record, which revealed minimal physical findings and lacked observations of Plaintiff's distress.  *Id.*  The ALJ's conclusions are supported by substantial evidence.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 23

**CONCLUSION**

Having reviewed the record and the ALJ's findings, this Court concludes that the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs Motion for Summary Judgment (ECF No. 14) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 19) is **GRANTED**.

The District Court Executive is directed to enter this Order and Judgment accordingly, furnish copies to counsel, and close the file.

DATED March 24, 2022.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 24